UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

INNOCENT IKE ASINOBI,

INDEX NO.
13 Civ. 4944 (AKH)

FIRST AMENDED
COMPLAINT

Plaintiff,

-against-

Jury Trial Demanded

THE CITY OF NEW YORK,
MICHAEL PENA, in his individual and official
capacity, JOSEPH VAZQUEZ, in his individual
and official capacity, and Police Officers JOHN DOE
and JANE DOE, Fictitious Names for Unknown Parties

Defendants.

------------------------------------------------------------X

Plaintiff INNOCENT IKE ASINOBI, by and through the undersigned attorneys, alleges as
follows:

## NATURE OF THE ACTION

1.      This is a civil action seeking damages against Defendants for committing acts, under

color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the

United States and the State of New York; for conspiring for the purpose of impeding and

hindering the due course of justice, with intent to deny Plaintiff the equal protection of laws; and

for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2.      Plaintiff Innocent Ike Asinobi's rights were violated when officers of the New York City

Police Department ("NYPD") unjustly used excessive force, assaulted, battered, and abused

1

Plaintiff causing him to lose consciousness and remain hospitalized for three days.  Defendants violated Plaintiff's procedural and substantive due process rights.  As a result Plaintiff suffered and continues to suffer extreme physical and emotional injuries.  As this complaint will list below, Plaintiff lost his mobility permanently and requires daily assistance to accomplish basic living needs as a result of the Defendants' excessive force, assault and battery.  Plaintiff is also not able to operate a motor vehicle, consequently had to stop his employment as a car service driver, thereby losing his job and source of income due to the injuries he sustained on April 13, 2012.

3.      The City of New York is liable for its deliberate indifference and negligence with respect to customs, policies, failure to supervise and discipline police officers' policies and practices that permitted, condoned, and preserved an environment involving a "code of silence" in which even the most violent police officer believed he would be insulated from swift and effective investigation, prosecution, and conviction for even his most brazen acts of brutality. The inevitable result of this institutional repeated indifference is the extraordinary physical and emotional injuries inflicted upon Plaintiff Asinobi.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

6.      An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

7.      Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## SUPPLEMENTAL JURISDICTION

8.     This Court has supplemental jurisdiction over Plaintiff's claims herein under the Constitution and laws of the State of New York because they are so related to the federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

9.     Pursuant to New York State General Municipal Law § 50-e, Plaintiff timely filed a Notice of Claim with the New York City Comptroller and the Comptroller designated the claim as number 2012-PI-01795.

10.    More than thirty (30) days have elapsed since service of said notice of claim and adjustment or payment of the claims has been neglected or refused by Defendant The City of New York (the City of New York).

11.    Defendant City of New York conducted an examination of Plaintiff pursuant to New York State General Municipal Law § 50-h on February 20, 2013.

12.    The criminal case against Plaintiff Asinobi (Docket No. 2012 NY 029902 in the Criminal Court of the City of New York, New York County) was dismissed on November 13, 2012.

## JURY TRIAL DEMANDED

13.    Plaintiff demands a trial by jury on each and every one of the claims pled herein.

## PARTIES

14.    During all times mentioned in this complaint, Plaintiff Innocent Ike Asinobi is an individual who has been residing in Kings County at 1138 East 83rd, Brooklyn, New York 11236.  He was 66-years-old at the time of the incident.

15.    Defendant City of New York is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

16.     The NYPD is the department of the City of New York responsible for, among other things, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, as a city agency as responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.

17.     At all relevant times, the NYPD, acting under the auspices of the City of New York was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the constitutions and laws of the United States and of the State of New York.

18.     Individual Defendants are all sued in their individual and official capacities and all acted within the scope of their employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City of New York.

19.     At all times hereinafter mentioned, the Defendant Michael Pena, badge # 06176, was a police officer employed by the Defendant City of New York and was acting within the course and scope of his employment.

20.     At all times hereinafter mentioned, the Defendant Joseph Vazquez, badge # 25811, was a police officer employed by the Defendant City of New York and was acting within the course and scope of his employment.

21.     At all times hereinafter mentioned, Defendants John and Jane Doe were police officers were present and conspired with Michael Pena and Joseph Vazquez to violate Plaintiff's civil rights.

22.     During all times mentioned in this complaint, the Defendants, each individually and in concert, engaged in acts and omissions which constituted deprivation of constitutional rights, privileges and immunities of the Plaintiff and, while these acts were carried out under color of law, they had no justification or excuse, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officer may appropriately and legally engage in the course of protecting persons and property and/or ensuring civil order.

23.     Each of the Defendants at all times relevant to this action, including the NYPD officers Defendants John and Jane Doe,  had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff; but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants and acted in concert with others to harm Plaintiff, and thereby became a party to the injuries inflicted upon the Plaintiff.

## STATEMENT OF FACTS

24.     On April 13, 2012, at approximately 3:00 p.m., Plaintiff Innocent Ike Asinobi was driving his work vehicle on 42nd Street between 6th and 7th Avenues. He made a U-turn on West 42nd Street in Manhattan, New York.

25.     At the time, Plaintiff Innocent Ike Asinobi was a driver with Concord Black Car Service.

26.     Defendants Michael Pena and Joseph Vazquez signaled to Plaintiff Innocent Ike Asinobi to pull over his car.

27.     Plaintiff Asinobi immediately complied and pulled over his car.

28.     Defendant Joseph Vazquez demanded Plaintiff's driver's license.

29.     Plaintiff Innocent Ike Asinobi reached for the bundle of his identification cards from his jacket.

30.    As he filtered through his identification cards, Defendant Joseph Vazquez said "that's it," to which Plaintiff Innocent Ike Asinobi replied, "no it's not" and continued searching.

31.    As Plaintiff continued to search in his bundle, Defendant Joseph Vazquez again said "that's it" and Plaintiff Innocent Ike Asinobi once again explained "No, it's not."

32.    This identification card was his real estate license which looked similar to a driver's license.

33.    At that point, Defendant Michael Pena ran from the passenger side to the driver's side and opened the door, violently grabbed 66-year-old Plaintiff Innocent Ike Asinobi, and pulled him out of the car.

34.    Plaintiff Innocent Ike Asinobi handed his bundle of identification cards to Defendant Joseph Vazquez.

35.    Defendant Pena then forcefully pushed Plaintiff Asinobi, slamming him onto the back of his car.

36.    Plaintiff Asinobi pleaded with the officers, explaining "Please, I have surgery" and "Please, I have pain, please stop."

37.    Plaintiff Asinobi was referencing a shoulder and back surgery he had due to a medical condition called stenosis.

38.    Defendants Michael Pena and Joseph Vazquez continued to physically harm Plaintiff Asinobi.

39.    Plaintiff Asinobi had extreme difficulty putting his hands behind his back.

40.    While handcuffing Plaintiff, Defendant Michael Pena violently twisted Plaintiff Asinobi's arms, injuring his shoulders.

41.     Plaintiff Asinobi screamed in pain, and shouted "Please stop, I have surgery" and "I have pain."

42.     Defendant Pena dislocated Plaintiff Asinobi's shoulder.

43.     Defendant Michael Pena then slammed Plaintiff Asinobi onto the ground, pinning him to the ground. Plaintiff Asinobi was forced to raise his head so as to avoid hitting it on the ground.

44.     Plaintiff Asinobi continued to scream "I have surgery."

45.     At that time, a number of officers, Defendants John and Jane Doe, came to the scene and brought a police van.

46.     Defendant officers Michael Pena or Joseph Vazquez never read Plaintiff his *Miranda* rights. Officer Vasquez or Officer Pena did not inform Plaintiff that he was under arrest or that he was free to leave.

47.     Defendants Michael Pena and Joseph Vazquez continued to berate, push, and shout at Plaintiff Asinobi.

48.     In the process of his arrest, without any justification, Defendants Vasquez and Pena slammed Plaintiff on the van hitting his left hip causing him injury.

49.     Defendant Michael Pena then picked Plaintiff Asinobi from the ground and tossed him into the police van face down without regards to his safety.

50.     Plaintiff Asinobi was stuck between seats on the floor of the police van.

51.     Defendants Michael Pena and Joseph Vazquez used derogatory terms when referring to Plaintiff, calling him "black mother fucker" and "black cab driver" while using various other profanities.

52.     Finally, after Plaintiff Asinobi pleaded with Defendants Michael Pena and Joseph Vazquez, the officers harshly and forcefully allowed him to sit up.

53.     Defendant Joseph Vazquez drove Plaintiff for approximately 30 minutes to the 35th Precinct while Plaintiff Asinobi remained in severe pain. He was then dragged out of the van and into the precinct.

54.     As a direct result of extreme excessive force against his body, Plaintiff Asinobi lost consciousness, fell on the floor and subsequently defecated and urinated on himself.

55.     Defendants City of New York then called an ambulance, which transported Plaintiff Asinobi to Bellevue Hospital.

56.     Plaintiff Asinobi informed the paramedics that he had pain in his back, shoulders, and spine.

57.     Plaintiff Asinobi remained handcuffed and not free to leave during his time at the hospital and for three days thereafter until he was arraigned on April 14, 2012 and released on his own recognizance on April 16, 2012.

58.     Plaintiff Asinobi was maliciously charged with resisting arrest, obstruction of governmental administration in the second degree and disorderly conduct.

59.     All charges were fabricated. They were dismissed in criminal court on November 13, 2012.

60.     At the time of arrest, Plaintiff Innocent Ike Asinobi was 66 years old.


**CLAIM FOR RELIEF**
**COUNT I**
**(42 U.S.C. § 1983 - Police Brutality)**


61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 60 of this complaint with the same force and effect as though set forth herein.

62.     The Defendant City of New York, including but not limited to officer Defendants Michael Pena and Joseph Vazquez under the color of law and within the scope of their authority, assaulted and battered the Plaintiff in violation of Plaintiff's civil rights; more particularly, 42 U.S.C. § 1983 as well as other applicable federal and state laws, including the Fourth and Fourteenth Amendments to the United States Constitution.

63.     Defendants Michael Pena, Joseph Vazquez, and John and Jane Doe acted under color of law and within their authority as law enforcement officers within the employ of the Defendant City of New York when they deprived the 66-year-old Plaintiff's civil rights.

64.     Defendant officers Michael Pena, Joseph Vazquez and John and Jane Doe conspired with one another to deprive Plaintiff of his constitutional rights, including the rights to be free from the intentional use of unreasonable force and to be free from unreasonable excessive force.

65.     The Defendant City of New York, including but not limited to Defendants Michael Pena and Joseph Vazquez, were not acting with immunity when they deprived the Plaintiff of his civil rights.

66.     The aforementioned excessive force, assault and battery were done knowingly, intentionally, and willfully.

67.     The aforementioned, excessive force, assault, battery, and arrest were done negligently and Recklessly. The aforementioned, excessive force, assault, battery were done without reason or Provocation. By reason of said excessive force, assault, battery and arrest, Plaintiff Asinobi was subjected to great fear and terror and personal humiliation and degradation.  He suffered and continues to suffer physical pain and impairment and/or mental and emotional distress.

68.     As a result of excessive force, assault and battery Plaintiff lost his mobility to operate any vehicle, thereby losing his job as a car service driver with Concord Black Car Service. As a

result of the excessive, assault and battery Plaintiff Asinobi cannot walk without the assistance of a walker. In addition, Plaintiff Asinobi requires continuous assistance of another person hired to assist him in his daily life.

69.      As a result of excessive force, assault and battery, Plaintiff Asinobi receives hired assistance from Parent care.  Parent Care assists Plaintiff Asinobi with his household chores which he is no longer capable of doing on his own.  Parent Care helps Plaintiff Asinobi with his laundry, making him his meals, running his errands, picking up his groceries, and cleaning his home.

70.      As a result of excessive force, assault and battery Plaintiff Asinobi suffered an injury to his hip. Defendant Pena slammed Plaintiff onto Plaintiff's car then onto the ground. Then Defendants Pena and Vazquez slammed Plaintiff onto the police van injuring Plaintiff's hip.

71.      As a result of Defendants use of excessive force, assault and battery that caused Plaintiff's hip injury, Plaintiff received treatment for the injury and requires physical therapy. The required care and assistance that Plaintiff Asinobi requires is permanent.

72.      Plaintiff demands judgment against the Defendants in the sum of Three million ($3,000,000.00) dollars.

## COUNT II

### (42 U.S.C. §§ 1983, 1986 - Failure to Intervene To Stop the Excessive Force)

73.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 72 of this complaint with the same force and effect as though set forth herein.

74.      Each of the Defendants had knowledge of the conspiracy to arrest and wrongfully deprived Plaintiff of his constitutional and statutory rights as set forth above.

75.     Each of the Defendants, through the exercise of reasonable diligence, had the power to prevent or aid in preventing such deprivation.

76.     Each of the Defendants neglected or refused to prevent such deprivation.

77.     As a direct and proximate cause of the acts of each of the Defendants as set forth above, Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of this constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and protected by 42 U.S.C. § 1983.

78.     Defendants failed to adhere to proper police protocol prior to arresting Plaintiff. As a result, Plaintiff Asinobi was subjected to great fear and terror and personal humiliation and degradation.  He suffered and continues to suffer physical pain and impairment and/or mental and emotional distress.

79.     Defendant City of New York is directly liable and responsible for the acts of the Defendants Michael Pena and Joseph Vazquez because it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulation of the City of New York, and to require compliance with the Constitution and laws of the United States.

80.     Despite knowledge of such unlawful de facto policies, practices and/or customs, these supervisory and policy-making officers and officials of the City of New York, have not taken steps to terminate these policies, practices, and/or customs, do not discipline individuals who engage in such polices, practices, and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement

of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or customs upon the constitutional rights of persons in the City of New York.

81.    The aforementioned City of New York policies, practices, and/or customs of failing to supervise, train, instruct, and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein. Specifically, pursuant to the aforementioned City of New York policies, practices, and/or customs, the Defendants Michael Pena, Joseph Vazquez, and John and Jane Doe felt empowered to exercise unreasonable and wholly unprovoked force against Plaintiff and to arrest Plaintiff without probable cause.

82.    Plaintiff's injuries were a direct and proximate result of the Defendant City of New York wrongful *de facto* policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the Defendant City of New York to properly supervise, train and discipline their police officers.

83.    The actions of Defendants Michael Pena and Joseph Vazquez resulted from and were taken pursuant to the foregoing de facto policies and/or well-settled and widespread customs and practices of the City of New York, which implemented by agents or employees of the NYPD, of employing wholly unprovoked and excessive force.

84.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of the Plaintiff's constitutional rights.

85.    Defendants failed to adhere to proper police protocol prior to arresting Plaintiff. As a result, Plaintiff Asinobi was subjected to great fear and terror and personal humiliation and degradation.  He suffered and continues to suffer physical pain and impairment and/or mental and emotional distress.

86.     As a direct and proximate cause of the acts of all Defendants as set forth above, Plaintiff Asinobi was subjected to great fear and terror and personal humiliation and degradation.  He continues to suffer physical pain and impairment and/or mental and emotional distress in connection with the deprivation of this constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and protected by 42 U.S.C. § As a result, Plaintiff lost his mobility to operate any vehicle, thereby losing his job as a car service driver with Concord Black Car Service.

87.     Plaintiff Asinobi has lost livelihood, incurred uncovered medical expenses, and lost future wages and benefits. As a result, Plaintiff Asinobi cannot walk without the assistance of a walker. In addition, Plaintiff Asinobi requires continuous assistance of another person hired to assist him in his daily life.

88.     Plaintiff Asinobi gets assistance from Parent care.  Parent Care assists Plaintiff Asinobi with his household chores which he is no longer capable of doing on his own.  Parent Care helps Plaintiff Asinobi with his laundry, making him his meals, running his errands, picking up his groceries, cleaning his home.

89.     As a result of excessive force, assault and battery and failure to intervene, Plaintiff Asinobi suffered an injury to his hip. Defendant Pena slammed Plaintiff onto Plaintiff's car then onto the ground. Then Defendants Pena and Vazquez slammed Plaintiff onto the police van injuring Plaintiff's hip.

90.     As a result of excessive force, assault and battery, and failure to intervene, Plaintiff suffered a hip injury. Plaintiff received treatment for the injury and requires physical therapy. The required care and assistance that Plaintiff Asinobi requires is permanent.

91.     Plaintiff demands judgment against the Defendants in the sum of Three million ($3,000,000.00) dollars.

## Count III

### (42 U.S.C. § 1983 – Malicious Prosecution)

92.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 91 of this complaint with the same force and effect as though set forth herein.

93.     Defendants Michael Pena, Joseph Vazquez, and John and Jane Doe pursued criminal charges where there was no basis for such charges.

94.     Defendants Michael Pena, Joseph Vazquez, and John and Jane Doe brought false charges of resisting arrest, disorderly conduct and obstruction of governmental administration in the second degree by fabricating false evidence regarding the facts surrounding Plaintiff's arrest to initiate and continue the malicious prosecution of Plaintiff in order to cover-up civil rights violations perpetrated by themselves and/or subordinates against those civilians.

95.     These charges were later dismissed on November 13, 2012.

96.     By reason thereof, Defendants City of New York, Michael Pena, Joseph Vazquez, and John and Jane Doe violated 42 U.S.C. § 1983 and have subjected Plaintiff Asinobi to great fear and terror and personal humiliation and degradation.  He suffered and continues to suffer physical pain and impairment and/or mental and emotional distress to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

97.     Plaintiff demands judgment against the Defendants in the sum of Three million ($3,000,000.00) dollars.

**COUNT IV**

**(Negligent training and Retention)**

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 97 of this complaint with the same force and effect as though set forth herein.

99.     The Defendant City of New York did not exercise reasonable care and diligence in the training of its agents, servants, and employees and were negligent in training and retention of Defendants Michael Pena, Joseph Vazquez, and John and Jane Doe, so as to cause serious physical injury to plaintiff.

100.    Such negligence consisted of negligence in training, supervision, and retention of Defendants Michael Pena, Joseph Vazquez, and John and Jane Doe involved in this incident; in failing to observe the existing police department protocols for police officers/detectives designed to govern the use of force causing the serious injuries both physical and emotional resulting in serious and permanent physical injury and discrimination arising and resulting out of the aforementioned wrongful arrest of the Plaintiff and further, deprived Plaintiff of his civil rights, privileges and immunities secured under the Constitutions of the United States of America and State of New York; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used in similar circumstances; retaining persons who were unfit to serve as police officers/detectives; failing to properly train and instruct police officers/detectives, especially regarding the abuse of power while in the field; failing to give police officers/detectives proper instructions on the use of force; improperly supervising police officers/detectives in the field, including the police officers/detectives as well as in the staffing, administration and processing of persons suspected of violation of the criminal laws of the State

15

of New York which allowed the arrest of the Plaintiff, which resulted in the serious and permanent physical injuries sustained by Plaintiff.

101.   The Defendant City of New York, through their agents, servants, and employees, including but not limited to Defendants Michael Pena, Joseph Vazquez, and John and Jane Doe were negligent, reckless and careless in arresting Plaintiff.

102.   The Defendant City of New York had prior knowledge of the inappropriate, unlawful, and improper conduct of Defendants Michael Pena, Joseph Vazquez, and John and Jane Doe but continued to employ them and allowed them to be in contact with the public at large.

103.   Defendant City of New York is directly liable and responsible for the acts of the Defendants Michael Pena and Joseph Vazquez, because it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline them and because it repeatedly and knowingly failed to enforce the rules and regulation of the City of New York and to require compliance with the Constitution and laws of the United States.

104.   Despite knowledge of such unlawful de facto policies, practices and/or customs, these supervisory and policy-making officers and officials of the City of New York, have not taken steps to terminate these policies, practices, and/or customs, do not discipline individuals who engage in such polices, practices, and/or customs, or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and instead sanction and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or customs upon the constitutional rights of persons in the City of New York.

105.   The aforementioned City of New York policies, practices, and/or customs of failing to supervise, train, instruct, and discipline police officers and encouraging their misconduct are

evidenced by the police misconduct detailed herein. Specifically, pursuant to the aforementioned City of New York policies, practices, and/or customs, Defendants Michael Pena, Joseph Vazquez, and John and Jane Doe felt empowered to exercise unreasonable and wholly unprovoked force against Plaintiff.

106.    Plaintiff's injuries were a direct and proximate result of the Defendant City of New York wrongful de facto policies and/or well-settled and widespread customs and practices and of the knowing and repeated failure of the Defendant City of New York to properly supervise, train and discipline their police officers.

107.    The actions of Defendants Michael Pena and Joseph Vazquez  resulted from and were taken pursuant to the foregoing de facto policies and/or well-settled and widespread customs and practices of the City of New York, which implemented by agents or employees of the NYPD, of employing wholly unprovoked and excessive force.

108.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of the Plaintiff's constitutional rights.

109.    As a direct and proximate cause of the acts of all Defendants as set forth above, Plaintiff suffered physical injury, lost mobility which led to him losing his job as a car service driver. As a result, Plaintiff Asinobi lost income. Plaintiff Asinobi suffered and is still suffering mental anguish in connection with the deprivation of this constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and protected by 42 U.S.C. § 1983.

110.    As a result Plaintiff Asinobi is in need of special assistance from a social service department to assist him in performing his simple daily routine. Plaintiff Asinobi requires the use

of a walker. He is not able to walk without support. Additionally, Plaintiff Asinobi requires continuous assistance of another person hired to assist him in his daily life.

111.    Plaintiff Asinobi receives hired assistance from Parent care. Parent Care assists Plaintiff Asinobi with his household chores which he is no longer capable of doing on his own.  Parent Care helps Plaintiff Asinobi with his laundry, making him his meals, running his errands, picking up his groceries and cleaning his home.

112.    Plaintiff Asinobi suffered an injury to his hip. Defendant Pena slammed Plaintiff onto Plaintiff's car then onto the ground.  Then Defendants Pena and Vazquez slammed Plaintiff onto the police van injuring Plaintiff's hip.

113.    As a result, Plaintiff received treatment for the injury and requires physical therapy. The required care and assistance that Plaintiff Asinobi requires is permanent.

114.    The Plaintiff demand judgment against the Defendants in the sum of Three million ($3,000,000.00) dollars.

## COUNT V

### (Intentional Infliction of Emotional Distress)

115.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 114 of this complaint with the same force and effect as though set forth herein.

116.    Defendants willfully and deliberately caused bodily injury and emotional distress through the excessive use of force, assault and battery, maliciously charged Plaintiff with resisting arrest, disorderly conduct and obstruction of governmental administration in the second degree.

117.    As a result of the foregoing wanton acts, the Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs

and expenses, and was otherwise damaged and injured. As a result, Plaintiff Asinobi was subjected to great fear and terror and personal humiliation and degradation.  He suffered and continues to suffer physical pain and impairment and/or mental and emotional distress.

118.    As a result, Plaintiff lost his mobility to operate any vehicle, thereby losing his job as a car service driver with Concord Black Car Service. As a result of the excessive, assault and battery Plaintiff Asinobi cannot walk without the assistance of a walker. In addition, Plaintiff Asinobi requires continuous assistance of another person hired to assist him in his daily life.

119.    Plaintiff Asinobi gets assistance from Parent care.  Parent Care assists Plaintiff Asinobi with his household chores which he is no longer capable of doing on his own.  Parent Care helps Plaintiff Asinobi with his laundry, making him his meals, running his errands and picking up his groceries, and cleaning his home.

120.    As a result of excessive force, assault and battery Plaintiff Asinobi suffered an injury to his hip. Defendant Pena slammed Plaintiff onto Plaintiff's car then onto the ground. Then Defendants Pena and Vazquez slammed Plaintiff onto the police van injuring Plaintiff's hip.

121.    As a result of Defendants use of excessive force, assault and battery that caused Plaintiff's hip injury, Plaintiff received treatment for the injury and requires physical therapy. The required care and assistance that Plaintiff Asinobi requires is permanent.

122.    The Plaintiff demand judgment against the Defendants in the sum of Three million ($3,000,000.00) dollars.

## COUNT VI

### (Assault And Battery)

123.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 122 of this complaint with the same force and effect as though set forth herein.

124.    Defendants failed to adhere to proper police protocol prior to arresting Plaintiff. As a result, Plaintiff Asinobi was subjected to great fear and terror and personal humiliation and degradation.  He suffered and continues to suffer physical pain and impairment and/or mental and emotional distress.

125.    By the actions described above, Defendants Michael Pena and Joseph Vazquez inflicted assault and battery upon the 66-year-old Plaintiff. The acts and conduct of these Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

126.    As a result of excessive force, assault, and battery Plaintiff Asinobi was subjected to great fear and terror and personal humiliation and degradation.  He suffered and continues to suffer physical pain and impairment and/or mental and emotional distress.

127.    As a result of the assault and battery, Plaintiff suffered injuries that require special assistance from a social service department to perform his simple daily routine. Plaintiff Asinobi has lost livelihood, lost past wages and benefits, incurred uncovered medical expenses and lost future wages and benefits.

128.    As a result of excessive force, assault and battery Plaintiff lost his mobility to operate any vehicle, thereby losing his job as a car service driver with Concord Black Car Service. As a result of the excessive, assault and battery Plaintiff Asinobi cannot walk without the assistance of

a walker. In addition, Plaintiff Asinobi requires continuous assistance of another person hired to assist him in his daily life.

129.    As a result of excessive force, assault and battery, Plaintiff Asinobi receives hired assistance from Parent care.  Parent Care assists Plaintiff Asinobi with his household chores which he is no longer capable of doing on his own.  Parent Care helps Plaintiff Asinobi with his laundry, making him his meals, running his errands, picking up his groceries and cleaning his home.

130.    As a result of excessive force, assault and battery Plaintiff Asinobi suffered an injury to his hip. Defendant Pena slammed Plaintiff onto Plaintiff's car then onto the ground. Then Defendants Pena and Vazquez slammed Plaintiff onto the police van injuring Plaintiff's hip.

As a result of Defendants use of excessive force, assault and battery that caused Plaintiff's hip injury, Plaintiff received treatment for the injury and requires physical therapy.  The required care and assistance that Plaintiff Asinobi requires is permanent.

131.    For all claims under New York State Law, defendants are jointly and severally liable to plaintiff inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.

132.    The Plaintiff demand judgment against the Defendants in the sum of Three million ($3,000,000.00) dollars.

## COUNT VII

### (Prima Facie Tort)

133.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 132 of this complaint with the same force and effect as though set forth herein.

134.    Defendants failed to adhere to proper police protocol prior to arresting Plaintiff. As a result, Plaintiff Asinobi was subjected to great fear and terror and personal humiliation and degradation.  He suffered and continues to suffer physical pain and impairment and/or mental and emotional distress.

135.    Plaintiff Asinobi has lost livelihood, lost past wages and benefits, incurred uncovered medical expenses, and lost future wages and benefits.  Plaintiff Asinobi requires assistance to conduct his daily routine.

136.    As a result of excessive force, assault and battery Plaintiff lost his mobility to operate any vehicle, thereby losing his job as a car service driver with Concord Black Car Service. As a result of the excessive, assault and battery Plaintiff Asinobi cannot walk without the assistance of a walker. In addition,  Plaintiff Asinobi requires continuous assistance of another person hired to assist him in his daily life.

137.    As a result of the assault and battery, Plaintiff Asinobi is in need of special assistance from a social service department to assist him in performing his simple daily routine.

138.    As a result of assault of battery, Plaintiff Asinobi required the use of a walker. He is not able to walk without support. Additionally, Plaintiff Asinobi requires continuous assistance of another person hired to assist him in his daily life.

139.    As a result of excessive force, assault and battery, Plaintiff Asinobi receives hired assistance from Parent care.  Parent Care assists Plaintiff Asinobi with his household chores which he is no longer capable of doing on his own.  Parent Care helps Plaintiff Asinobi with his laundry, making him his meals, running his errands, picking up his groceries and cleaning his home.

140.   As a result of excessive force, assault and battery Plaintiff Asinobi suffered an injury to his hip. Defendant Pena slammed Plaintiff onto Plaintiff's car then onto the ground.   Then Defendants Pena and Vazquez slammed Plaintiff onto the police van injuring Plaintiff's hip.

141.   As a result of Defendants use of excessive force, assault and battery that caused Plaintiff's hip injury, Plaintiff received treatment for the injury and requires physical therapy. The required care and assistance that Plaintiff Asinobi requires is permanent.   The Plaintiff demand judgment against the Defendants in the sum of Three million ($3,000,000.00) dollars.

WHEREFORE, Plaintiff Innocent Ike Asinobi respectfully requests, in addition to judgment upon all causes of action cited above, the following:

a.  Declaratory judgment declaring that Defendant City of New York has violated the aforesaid statutes and constitutions;

b.  Restitution to Plaintiff of his rights, privileges, benefits, and income which would have been received by him but for the defendants unlawful, wrongful, tortuous, and unconstitutional conduct;

c.  Compensatory damages in an amount to be determined by the court and jury but not less than $3 million;

d.  Punitive damages in the amount to be determined by the court and jury but not less than $3 million

e.  Reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. § 1988;

f.  All legal and statutory interest on sums awarded; and

g.  Such other and further relief as this honorable court may deem just, proper and

equitable

Dated:  March 30, 2015

New York, NY

Respectfully submitted,

/s/ Omar T. Mohammedi

Omar T. Mohammedi, Esq. (OTM7234)
Elizabeth Kimundi, Esq. (EK5555)
Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 801
New York, NY 10279
(212) 725-3846

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

  INNOCENT IKE ASINOBI,                                INDEX NO. 13-CV-4944

                                                    AFFIDAVIT OF SERVICE

                              Plaintiff,

             -against-

THE CITY OF NEW YORK,
MICHAEL PENA, in his individual and official
capacity, JOSEPH VAZQUEZ, in his individual
and official capacity, and Police Officers JOHN DOE
and JANE DOE, Fictitious Names for Unknown Parties

                              Defendants.

------------------------------------------------------------X

## CERTIFICATE OF SERVICE

     I, Elizabeth K. Kimundi, Esq., hereby certify that on this day, I caused the foregoing Plaintiff's First Amended Complaint on behalf of Plaintiff, Innocent Ike Asinobi, to be served upon the Defendants via Electronic Court Filing (ECF) to Liza Sohn, Esq.,

                                        */s/ Elizabeth Kimundi*
                                        Elizabeth K. Kimundi
                                        Law Firm of Omar T. Mohammedi, LLC
                                        233 Broadway, Suite 801
                                        New York, NY 10279
                                        (212) 725-3846

Dated:  March 30, 2015